CAMILLO CURRO, an Infant, by ANGELO CURRO, His Guardian ad Litem, Respondent, v. WILLIAM M. BARRETT, as President of ADAMS EXPRESS COMPANY, Appellant.

(Supreme Court, Appellate Term, First Department, October, 1917.)

**Motions and orders — actions — calendar — trial — witnesses — when motion to dismiss action granted.**

> Six months after a judgment in favor of defendant in an action to recover for personal injuries alleged to have been caused by the negligence of defendant's chauffeur while operating his automobile had been reversed and a new trial ordered, plaintiff obtained an order to put the case on the calendar for trial on a day certain, but failed to file the order, and two months thereafter he obtained another order placing the case on the calendar for a day certain several months ahead and for failure of his counsel to appear on that day the case was sent to the foot of the general calendar. No attempt was made to have the case restored and it finally appeared on the call calendar six months later. *Held,* that defendant having clearly shown upon a motion to dismiss the action for lack of prosecution that in consequence of the delay it would be unable on the trial to produce eye-witnesses who were necessary and material and the only witness he could produce was his chauffeur and plaintiff fails to give any substantial or adequate reason for the delay, an order denying the motion will be reversed and the motion granted.

APPEAL by defendant from a judgment of the City Court of the city of New York, entered upon a verdict, and from an order denying defendant's motion for a new trial. The notice of appeal also brings up for review two intermediate orders of said court.

Everett, Clark & Benedict (Herman S. Hertwig, of counsel), for appellant.

Alexander Karlin, for respondent.

Appellate Term, First Department, October, 1917.    [Vol. 101.

PHILBIN, J.  The plaintiff sued to recover $2,000 as damages for an injury alleged to have been caused by the negligence of a servant of the defendant while operating its automobile.

The answer was a general denial.

The appellant included in his appeal two orders, one denying a motion to dismiss the action for lack of prosecution and the other denying a motion for leave to renew said application.  The facts alleged, upon which the application was made, relate to what transpired after a former trial at which the defendant was successful.  After serving notice of appeal, the plaintiff did nothing until nearly seven months thereafter and then only when defendant moved to dismiss the appeal.  In December, 1915, the judgment was reversed and a new trial directed.  The plaintiff took no steps to bring on the new trial until the following June, when an order to place the case on the calendar for June 12, 1916, was obtained, but he failed to file the order. In August plaintiff obtained an order placing the case on the calendar for October 10, 1916.  On that day, owing to the failure of plaintiff's counsel to appear, the case was sent to the foot of the general calendar. No attempt was made to have the case restored and it finally appeared on the call calendar in April, 1917. A motion to dismiss then made by defendant was denied, although defendant stated to the court that four out of his seven witnesses had disappeared during the two years' interval.  The defendant then tried to find his witnesses, but was only able to find one, the operator of the automobile.  He then made another application to the court for dismissal, and the other order appealed from, which denied the motion, was made.  The defendant clearly showed on the motions to dismiss that, in consequence of the delay, he would be unable on the trial to produce witnesses who were

necessary and material, and were, in fact, eyewitnesses. The only witness defendant could produce was the chauffeur, the value of whose testimony would obviously be affected by his own interest in the case. The moving affidavit also showed that junior issues had been tried. The plaintiff failed to give any substantial or adequate reasons for the delay. While the court is always reluctant to grant such a drastic remedy, there may be conditions which, in the administration of simple justice, demand it. I think this is such an instance and that the reversal of the order denying the motion to dismiss is required. *Brown* v. *Herzberg*, 130 App. Div. 894; *MacDonnell* v. *Press Pub. Co.*, 160 id. 872; *Toher* v. *Lochinvar Realty Co.*, 124 id. 370.

In view of the conclusion thus reached and the action of this court which is thereby called for, it is not necessary to discuss the appeal taken from the judgment and from the order denying defendant's motion to set aside the verdict and for a new trial. It may be said, however, that we think there was error in the charge of the learned court in relation to the defendant's omission to produce certain witnesses on the trial, which would call for a reversal of the judgment.

Order denying motion to dismiss the action for lack of prosecution reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. The judgment heretofore entered herein is vacated.

BIJUR and ORDWAY, JJ., concur.

Order reversed, with costs, and judgment vacated.